UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESMELING L. BAHENA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. ROHRDANZ,<br><br>　　　　　Defendant. | Case No. 1:20-cv-00618-NONE-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION REGARDING SETTLEMENT FUNDS, LITIGATION EXPENSES, AND RESTITUTION**<br><br>(Docs. 41, 43) |

　　　　On May 6, 2021, this matter settled at a settlement conference before Magistrate Judge Erica P. Grosjean. (Doc. 33.) Per the terms provided on the record, Plaintiff would file a motion regarding settlement proceeds, litigation expenses, and restitution.

　　　　On June 22, 2021, the parties filed a stipulation of dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (Doc. 38.) Pursuant to the stipulation, the Court closed this case on June 23, 2021, but retained jurisdiction over the parties' settlement agreement to enforce its terms, including to consider any motion related thereto. (Doc. 39.)

　　　　Before the Court is Plaintiff's anticipated motion regarding settlement proceeds. (Docs. 41, 43.) Defendants filed an opposition on July 1, 2021. (Doc. 42.) Plaintiff has not filed a reply, and the time to do so has passed. *See* Local Rule 230(l).

　　　　Per the parties' settlement agreement, the California Department of Corrections and Rehabilitation (CDCR) is to pay Plaintiff $2,500. (Doc. 42 at 6.) The settlement agreement also

provides, though, that "CDCR is obligated by California Penal Code section 2085.8 to collect any amounts owed by a prisoner under a restitution fine or order, including any administrative fees related to such amounts," as well as "to pay all outstanding liens against Plaintiff." (*Id.*) The agreement additionally provides that "[e]ach party shall bear its own costs and attorney's fees." (*Id.* at 7.)

In his motion, Plaintiff states that he has or will expend $683.60 in litigating this case—$350 in court filing fees, $33.60 in copy and postage costs, and $300 paid to an inmate who assisted Plaintiff in prosecuting this action. (Doc. 43 at 5.) Plaintiff states that he seeks a "refund for [these] expenses." If Plaintiff requests a literal refund from the Court—i.e., for the Court to pay him $683.60—such a request does not warrant further consideration. The Court, therefore, construes Plaintiff's motion as requesting that $683.60 of the anticipated $2,500 in settlement funds be exempted from any outstanding restitution obligations.[1]

Plaintiff's request for an exemption of costs from restitution obligations contradicts the plain terms of the parties' settlement agreement. Under those terms, CDCR is required to "collect any amounts owed . . . under a restitution fine or order, including any administrative fees related to such amount," pursuant to California Penal Code § 2085.8. (Doc. 42 at 6.) Although section 2085.8 provides that restitution "shall be paid . . . after payment of reasonable attorney's fees and litigation costs," the settlement agreement does not provide that any portion of the settlement funds is directed towards fees or costs—rather, it explicitly states that that "[e]ach party shall bear its own costs and attorney's fees."[2] (Doc. 42 at 7.) Therefore, the Court will deny Plaintiff's request for an exemption of costs from restitution obligations.

To the extent Plaintiff seeks a waiver from any remaining court-filing-fee obligations, his request is foreclosed by statute. Pursuant to 28 U.S.C. § 1915(b), prisoners proceeding *in forma pauperis*, like Plaintiff, "*shall* be required to pay the full amount of a filing fee" of any civil

---

[1] This comports with the Court's description on the record of Plaintiff's anticipated motion at the May 6, 2021 settlement conference.

[2] The Court notes that, at the settlement conference, Defendants agreed on the record that Plaintiff may file a motion regarding litigation costs and restitution, and that the Court would retain jurisdiction to rule on such motion. However, Defendants also explicitly stated on the record that they would oppose any such motion. Therefore, the Court does not find that the written settlement agreement contradicts the material terms of the settlement agreement that were placed on the record at the conference.

1  action they initiate and "to make monthly payments of 20 percent of the[ir] preceding month's
2  income" in fulfilment of that obligation. In other words, the filing-fee obligation and monthly
3  payment amount are mandatory and cannot be altered by the Court. *See, e.g.*, *Soares v. Paramo*,
4  No. 3:13-cv-02971-BTM-RBB, 2018 WL 5962728, at *2 (S.D. Cal. 2018); *Cartwright v. Sparks*,
5  No. 1:94-cv-06044-AWI, 2012 WL 394175, at *1 (E.D. Cal. 2012); *Adams v. Maricopa Cty.*
6  *Sheriff's Office*, No. 2:10-cv-01558-PHX-RCB, 2010 WL 4269528, at *1-2 (D. Ariz. 2010).

   Based on the foregoing, the Court DENIES Plaintiff's motion to exempt part of his settlement proceeds from any outstanding restitution obligations (Docs. 41, 43).

IT IS SO ORDERED.

Dated:  **October 4, 2021**                    /s/ *Sheila K. Oberto*
                                                UNITED STATES MAGISTRATE JUDGE

3